**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

| | |
|---|---|
| United States District Court Southern District of New York | 1:19-cv-09870 |
| Cory Henderson, individually and on behalf of all others similarly situated, Plaintiff - against - Rite Aid Corporation, Defendant | Class Action Complaint |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge: New York

1. Rite Aid Corporation ("defendant") manufactures, distributes, markets, labels and sells pecan halves with sweet and salty coating under their Dreamhouse Fine Foods brand ("Products").

I.   Products

2. The Products are available to consumers from defendant's retail stores.

3. The Products are sold in packages of nine (9) ounces.

4. The Products' front labels state "Gourmet Praline Pecans," "made with pecan halves and a sweet and salty glaze."

 

5. The back label states, "A Southern classic reimagines, our Praline Pecans start with premium pecan halves. We then dip each nut in crispy sweetened glaze and add just a touch of sea salt to satisfy your sweet and salty craving. Y'all be coming back for more. We're sure of it."



II.  Products are Misleading because Sugar is Disguised as "Evaporated Cane Juice"

6. Consumers expect the ingredients on a product to be declared in their common or usual name.

7. The Products' ingredient list states:



INGREDIENTS: PECANS, EVAPORATED CANE JUICE, WATER, SEA SALT.

8. "Evaporated cane juice," according to the FDA, "suggest[s] that the ingredients are made from or contain fruit or vegetable "juice" as defined in 21 CFR 120.1."[1]

9. By declaring the ingredient commonly known as "evaporated cane juice," plaintiff and consumers receive the impression that the "sweet…glaze" is an actual juice in which the Products are coated.

10. "Juice" is "defined by 21 CFR 120.1(a) as 'the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree.'"[2]

11. This results in the impression that the Products are a better nutritional choice than other comparable products which truthfully and non-deceptively identify "sugar" as their second most predominant ingredient.

12. "Evaporated cane juice" does not describe the basic nature of the food because it is *not* a type of "juice."  *See* 21 C.F.R. § 102.5.

---

[1] FDA Guidance, Ingredients Declared as Evaporated Cane Juice (May 2016)
[2] *Id.*

3

13. The Product's deceptive labeling is especially egregious because defendant is at its core a pharmacy – it dispenses medication to cure and treat ailments and maladies.

14. No reasonable consumer would expect that a store which provides prescription medications would disregard its responsibility to accurately and adequately identify the ingredients in its Products.

III.   Conclusion

15. The misleading terms used on the Products have a material bearing on price or consumer acceptance of the Products because they will pay more for products with positive qualities, of which real juice has many – nutrients, naturally occurring sugar and vitamins.

16. Had plaintiff and class members known the truth about the Products, they would not have bought the Product or would have paid less for it.

17. The Products contain other representations which are misleading and deceptive.

18. As a result of the false and misleading labeling, the Products are sold at premium prices, approximately no less than $2.79 per 9.0 oz, excluding tax – compared to other similar products represented in a non-misleading way.

Jurisdiction and Venue

19. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

20. Plaintiff is a citizen of New York.

21. Defendant Rite Aid Corporation is a Delaware corporation with a principal place of business in Camp Hill, Cumberland County, Pennsylvania.

22. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

23. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

24. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

25. Plaintiff Cory Henderson is a citizen of New York County, New York.

26. Defendant is a Delaware corporation with a principal place of business in Camp Hill, Cumberland County, Pennsylvania.

27. During the class period, Plaintiff purchased one or more of the Product identified herein for personal use, consumption or application based on the above representations, for no less than the price indicated, *supra*, excluding tax, within their districts and/or states.

28. Plaintiff would consider purchasing the Product again if there were assurances that the Product's representations were no longer misleading.

## Class Allegations

29. The classes will consist of all consumers in all 50 states with sub-classes for the individual states and nationwide classes.

30. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if Plaintiff and class members are entitled to damages.

31. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

32. Plaintiff is an adequate representative because her interests do not conflict with other members.

33. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

34. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

35. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

36. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350<br>and Consumer Protection Statutes of Other States and Territories

37. Plaintiff asserts causes of action under the consumer protection statutes of New York, General Business Law ("GBL") §§ 349 & 350.

38. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

39. Plaintiff and class members desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

40. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Products contain a sweetener which is made from juice, commonly understood as being derived from a fruit or vegetable consumers encounter in their daily lives, which excludes stalks of sugar cane and that "evaporated cane juice" possessed the qualities associated by consumers with actual juice, as opposed to being another word for sugar.

41. Plaintiff and class members relied on the representations and omissions, paying more than they would have, causing damages.

Negligent Misrepresentation

42. Plaintiff incorporates by reference all preceding paragraphs.

43. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products through misrepresenting the characterizing properties of the second most predominant ingredient.

44. Defendant had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

45. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

46. The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

47. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

48. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

49. Plaintiff incorporates by reference all preceding paragraphs.

50. Defendant manufactures and sells products which contain the identified ingredient that contributes sweetness to the Product.

51. The Product warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not due to the declaration of "evaporated cane juice" instead of sugar.

52. Defendant's ingredient list informed and warranted to Plaintiff the Product contained a form of juice instead of the equivalent of table sugar.

53. Defendant had a duty to disclose and/or provide a non-deceptive names of the ingredients and knew or should have known same were false or misleading.

54. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

55. Plaintiff provided or will provide notice to defendant and/or its agents, representatives, retailers and their employees.

56. The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable.

57. Plaintiff and class members relied on defendant's claims, paying more than they would have.

### Fraud

58. Plaintiff incorporates by references all preceding paragraphs.

59. Defendant's purpose was to sell products which contained basic sugar but identify them as containing "evaporated cane juice," a healthier sounding yet misleading name.

60. The Product does not contain juice even in a small amount which could have improved the nutritional profile of the Product.

61. Defendant's fraudulent intent is evinced by its failure to accurately indicate the Products contained the ingredient understood by consumers as sugar.

62. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

### Unjust Enrichment

63. Plaintiff incorporates by references all preceding paragraphs.

64. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the State Subclasses pursuant to the consumer protection laws of their States;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and consumer protection law claims, and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: October 25, 2019

                                                            Respectfully submitted,

                                                            Sheehan & Associates, P.C.
                                                            /s/Spencer Sheehan
                                                           Spencer Sheehan
                                                           505 Northern Blvd., Suite 311
                                                           Great Neck, NY 11021

(516) 303-0552
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:19-cv-09870
United States District Court
Southern District of New York

Cory Henderson, individually and on behalf of all others similarly situated

                                      Plaintiff

- against -

Rite Aid Corporation
                                      Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 505 Northern Blvd., #311
   Great Neck, NY 11021
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: October 25, 2019

                                                                                         /s/ Spencer Sheehan
                                                                                          Spencer Sheehan